**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

D.C.W., a minor child; Y.Y.W.,
mother of D.C.W., a minor child,

  Plaintiffs-Appellants,

 v.

RAYMOND WHALEY; OLETA
WHALEY,

  Defendants-Appellees.

No. 05-4034
(D.C. No. 2:05-CV-21-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.


Plaintiffs appeal from the district court's dismissal of their action for lack

of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiffs, who are enrolled members of the Navajo Tribe of Indians, filed the underlying suit in federal district court, seeking an injunction staying proceedings in the Seventh Judicial District Court of San Juan County, Utah, Case No. 0447-0075, where defendants sought grandparent visitation rights with plaintiff D.C.W. Plaintiffs also sought an injunction preventing the defendants from seeking future state court relief concerning D.C.W.'s domestic relations. They further requested declarations that (1) the Navajo Nation Courts are the most appropriate fora for resolution of all legal disputes arising in Indian Country, including domestic issues concerning D.C.W. and the defendants' grandparent visitation rights, and (2) any law, judgments, orders, or decrees from the Navajo Nation Courts are entitled to full faith and credit under 28 U.S.C. § 1738. Defendants moved to dismiss for lack of subject matter jurisdiction on several justiciability grounds, including standing, ripeness, and the absence of an actual case or controversy between the parties. In a summary order that relied on the reasons set forth in defendants' brief as its legal basis, the federal district court dismissed the action pursuant to Rule 12(b)(1). The district court also summarily denied plaintiffs' motions for reconsideration and a new trial. This appeal followed.

In their appellate brief, plaintiffs argue that the district court erred in failing to make findings of fact and conclusions of law in accordance with Fed. R.

Civ. P. 52(a).  Rule 52(a), however, provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule [governing judgments on partial findings at trial]."  Fed. R. Civ. P. 52(a).  Accordingly, the district court did not err by failing to make findings of fact and conclusions of law in its decision of defendants' Rule 12 motion.

Plaintiffs have not raised any other substantive arguments concerning the basis for the district court's dismissal or the district court's denial of their motions for reconsideration and a new trial.  Instead, they address only the merits of the underlying dispute as to whether jurisdiction is proper in the Navajo Nation Courts or the state courts of Utah, and whether orders of Navajo Nation Courts are entitled to full faith and credit under 28 U.S.C. § 1738.  Therefore, plaintiffs have waived their right to appeal the substance of the district court's ruling that it lacked subject matter jurisdiction and its other order denying plaintiffs' motions for reconsideration and a new trial.  See Lifewise Master Funding v. Telebank, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (holding that appellant waived its right to appeal district court rulings not substantively addressed in its opening brief).[1]

---

[1]     Although not a basis for our disposition of this appeal, it appears from the record that the case is now moot because, on June 22, 2005, the Utah state court dismissed with prejudice the action that gave rise to plaintiffs' federal action. See Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n,

(continued...)

The judgment of the district court is **AFFIRMED**.  Plaintiffs-Appellants'

motion to file a supplemental brief and appendix is **DENIED**.

Entered for the Court

David M. Ebel
Circuit Judge

---

[1](...continued)
420 F.3d 1082, 1088 (10th Cir. 2005) (explaining that, to avoid mootness, an
actual controversy must exist at all stages of appellate litigation, not just when an
action is initiated).